1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

JOSEPH HENRY RICHMIRE,

11

Plaintiff,

12

v.

13

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,[1]

14

15

Defendant.

16

CASE NO. 12cv5037-BHS-JRC

REPORT AND
RECOMMENDATION ON
PLAINTIFF'S APPLICATION
FOR COSTS AND ATTORNEY'S
FEES

Noting Date: May 17, 2013

17

   This matter has been referred to United States Magistrate Judge J. Richard

18

Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR

19

4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261,

20

271-72 (1976).  This matter is before the Court on plaintiff's contested motion for

21

22

_____

23

   [1] Carolyn W. Colvin became the Acting Commissioner of the Social Security
Administration on February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil

24

Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit.

REPORT AND RECOMMENDATION ON
PLAINTIFF'S APPLICATION FOR COSTS AND
ATTORNEY'S FEES - 1

attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, and costs pursuant to 28 U.S.C. § 1920 and has been fully briefed (*see* ECF Nos. 20, 22, 23).

Subsequent to plaintiff's success at obtaining a reversal of the decision of the Social Security Administration, defendant Commissioner challenged plaintiff's request for statutory attorney's fees on the grounds that the requested fees are unreasonable given the circumstances of this case (*see* Response, ECF No. 22, p. 2 (*citing* 28 § U.S.C. 2412(b))).

After considering and reviewing the record, including plaintiff's Application for Costs and Fees, and the attached time and expense sheet (*see* ECF No. 20), as well as the excellent results obtained by plaintiff's counsel, the Court finds that plaintiff's fee request is reasonable, after the reduction of 0.5 hours agreed to by plaintiff (*see* Reply, ECF No. 23, p. 4).

Therefore, plaintiff's motion for fees, costs and expenses should be granted pursuant to 28 U.S.C. § 1920 and the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") in the amount of $6,871.50 in attorney's fees for 37.4 hours incurred and $350 for costs.

<u>BACKGROUND and PROCEDURAL HISTORY</u>

Plaintiff, JOSEPH HENRY RICHMIRE, filed an application for Social Security Income and Child's Insurance Benefits which was denied initially and following reconsideration (*see* Tr. 12, 65-79, 111-22). His requested hearing was held before Administrative Law Judge M.J. Adams ("the ALJ") on March 15, 2010 (Tr. 30-51, 80-

82). On April 22, 2010, the ALJ issued a written decision in which he found that plaintiff was not disabled pursuant to the Social Security Act (Tr. 9-23).

On November 22, 2011, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-6). *See* 20 C.F.R. § 404.981. On January 16, 2012, plaintiff filed a complaint in this Court, seeking judicial review of the ALJ's written decision (*see* ECF No. 1).

On November 9, 2012, the Court issued a Report and Recommendation on plaintiff's complaint ("R&R") recommending that this matter be reversed and remanded for further consideration (ECF No. 16). Among other reasons discussed, the Court found that the ALJ erred in his interpretation and assessment of the opinion of an examining doctor and relied on a finding not based on substantial evidence in the record as a whole (*see id.*, pp. 10-13). The Court also found that the ALJ's error was not harmless (*see id.*, p. 14). This R&R was adopted by the Court, and this matter thereby reversed in early December, 2012 (*see* ECF Nos. 17, 18).

On February 5, 2013, plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 § U.S.C. 2412 (*see* ECF No. 20). Defendant does not object to plaintiff's request for $350 reflecting costs, however, on February 19, 2013, defendant objected to plaintiff's request for attorney's fees in the amount of $6,265.19 as unreasonable given the circumstances of this case (*see* Response, ECF No. 22, pp. 1-2 (*citing* 28 § U.S.C. 2412(b))).

1

## STANDARD OF REVIEW

2

3       In any action brought by or against the United States, the EAJA requires that "a

4   court shall award to a prevailing party other than the United States fees and other

5   expenses . . . . unless the court finds that the position of the United States was

6   substantially justified or that special circumstances make an award unjust." 28 U.S.C. §

7   2412(d)(1)(A).

8       According to the United States Supreme Court, "the fee applicant bears the burden

9   of establishing entitlement to an award and documenting the appropriate hours

10  expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The government has the

11  burden of proving that its positions overall were substantially justified. *Hardisty v.*

12  *Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010), *cert. denied*, 179 L.Ed.2d 1215, 2011

13  U.S. LEXIS 3726 (U.S. 2011) (*citing Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir.

14  1995)).  Further, if the government disputes the reasonableness of the fee, then it also

15  "has a burden of rebuttal that requires submission of evidence to the district court

16  challenging the accuracy and reasonableness of the hours charged or the facts asserted by

17  the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392,

18  1397-98 (9th Cir. 1992) (citations omitted). The Court has an independent duty to review

19  the submitted itemized log of hours to determine the reasonableness of hours requested in

20  each case. *See Hensley, supra*, 461 U.S. at 433, 436-37.

21

## DISCUSSION

22

23      In this matter, plaintiff clearly was the prevailing party because he received a

24  remand of the matter to the administration for further consideration (*see* R&R; Order

REPORT AND RECOMMENDATION ON
PLAINTIFF'S APPLICATION FOR COSTS AND
ATTORNEY'S FEES - 4

Adopting R&R, ECF Nos. 16, 17). In order to award a prevailing plaintiff attorney fees, the EAJA also requires a finding that the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B). Defendant implicitly conceded that the government's position was not substantially justified, as defendant argues that plaintiff's recovery for attorney's fees should be reduced, not eliminated (*see* Defendant's Response to Plaintiff's EAJA Motion for Fees, ECF No. 22, pp. 2-3).

The Court agrees with defendant's implicit concession (*see id.*). This conclusion is based on a review of the relevant record, including the government's administrative and litigation positions regarding the evaluation of the medical evidence. For these reasons, and based on a review of the relevant record, the Court concludes that the government's position in this matter as a whole was not substantially justified. *See Guitierrez v. Barnhart*, 274 F.3d 1255, 1258-59 (9th Cir. 2001) (citations omitted).

The undersigned also concludes that no special circumstances make an award of attorney fees unjust. *See* 28 U.S.C. § 2412(d)(1)(A). Therefore, all that remains is to determine the amount of a reasonable fee. *See* 28 U.S.C. § 2412(b); *Hensley, supra*, 461 U.S. at 433, 436-37; *see also Roberts v. Astrue*, 2011 U.S. Dist. LEXIS 80907 (W.D. Wash. 2011), *adopted by* 2011 U.S. Dist. LEXIS 80913 (W.D. Wash. 2011).

Once the court determines that a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." *Hensley, supra*, 461 U.S. at 429, 433 n.7. According to the U.S. Supreme Court, "the most useful starting point for determining the amount of a reasonable fee is the number of hours

1  reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley,*

2  *supra*, 461 U.S. at 433.

3      Here, plaintiff prevailed on the single claim of whether or not the denial of her

4  social security application was based on substantial evidence in the record as a whole and

5  not based on harmful legal error. When the case involves a "common core of facts or will

6  be based on related legal theories  .  .  .  .  the district court should focus on the

7  significance of the overall relief obtained by the plaintiff in relation to the hours

8  reasonably expended on the litigation." *See Hensley, supra*, 461 U.S. at 435.  The

9  Supreme Court concluded that where a plaintiff "has obtained excellent results, his

10  attorney should recover a fully compensatory fee." *Id.*

11

12      Because the Court concludes based on a review of the relevant evidence that the

13  plaintiff here obtained excellent results, the Court will look to "the hours reasonably

14  expended on the litigation," which, when combined with the reasonable hourly rate,

15  encompasses the lodestar. *See Hensley, supra*, 461 U.S. at 435. Other relevant factors

16  identified in *Johnson, supra*, 488 F.2d at 717-19 "usually are subsumed within the initial

17  calculation of hours reasonably expended at a reasonably hourly rate," but are considered

18  herein.[2] *See Hensley, supra*, 461 U.S. at 434 n.9 (other citation omitted); *see also Kerr v.*

19

20      [2] The *Johnson* factors are: (1) The time and labor involved; (2) the novelty and difficulty
21  of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the
   preclusion of other employment by the attorney due to acceptance of the case; (5) the customary
22  fee; (6) whether the fee is fixed or contingent: (7) time limitations imposed by the client or the
   circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation,
23  and ability of the attorneys; (10); the 'undesirability' of the case; (11) the nature and length of
   the professional relationship with the client; and (12) awards in similar cases. *Johnson, supra*,
24  488 F.2d at 717-19) (citations omitted); *see also United States v.Guerette*, 2011 U.S. Dist.

*Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (adopting *Johnson* factors);

*Stevens v. Safeway*, 2008 U.S. Dist. LEXIS 17119 at \*40-\*41 (C.D. Cal. 2008) ("A court

employing th[e *Hensley* lodestar method of the hours reasonably expended multiplied by

a reasonable hourly rate] to determine the amount of an attorney's fees award does not

directly consider the multi-factor test developed in *Johnson*, *supra*, 488 F.2d at 717-19,

and *Kerr*, *supra*, 526 F.2d at 69-70"); *but see Goodwin v. Astrue*, 2012 U.S. Dist. LEXIS

97651 at \*10-\*12, \*14-\*20 (W.D. Wash. 2012) (applying *Johnson* factors), *adopted by*

2012 U.S. Dist. LEXIS 97650 (W.D. Wash. 2012).

Subsequent to determining "the hours reasonably expended on the litigation," *see

Hensley, supra*, 461 U.S. at 435, the Court will consider any relevant *Johnson* factors

"that have not been subsumed within the lodestar calculation" and determine whether or

not the resultant fee should be adjusted upwards or downwards. *See Stevens*, *supra*, 2008

U.S. Dist. LEXIS 17119 at \*41. These guidelines are consistent with Washington Rules

of Professional Conduct 1.5.

As defendant does not object to plaintiff's request for reimbursement for costs and

does not object to plaintiff's requested hourly rate for his attorney's fees request, the

gravamen of defendant's contentions here concern "the number of hours reasonably

expended on the litigation" (*see* ECF No. 22, p. 1). *See also Hensley, supra*, 461 U.S. at

433.

---

LEXIS 21457 at \*4-\*5 (D. Hi 2011) ("factors one through five have been subsumed" in
the determination of a number of hours reasonably expended multiplied by a reasonable
rate); *but see City of Burlington v. Dague*, 505 U.S. 557 (1992) (rejecting factor 6 of contingent
nature of the fee).

1    Defendant contends that although the 17.6 hours to prepare for and draft the
2    Opening Brief herein normally would be an appropriate amount of time to spend on an
3    opening brief, it was unreasonable here as plaintiff's Opening Brief was short, plaintiff
4    raised only one issue, and that the issue raised by plaintiff was simple, and not complex
5    (*see* Response, ECF No. 22, pp. 2-3). Defendant similarly contends that plaintiff spent
6    too much time on the Reply brief as it contained a little over a page of text (*see id.*, p. 3).
7        Plaintiff notes that defendant challenges only the amount of time expended, and
8    further replies that "defendant confuses brevity with simplicity" (*see* Reply, ECF No. 23,
9    p. 3). Plaintiff also indicates that time was incurred for potential arguments considered
10   and rejected before inclusion into the Opening Brief which neither defendant nor the
11   Court were required to incur time considering (*see id.*). Plaintiff also indicates that much
12   of the time incurred in preparing the Reply "is directly attributable to the fact that the
13   Defendant's Responsive Brief raised the new issue of harmless error, which plaintiff had
14   to research and respond to in his Reply Brief" (*see id.*).
15       Plaintiff's reply is persuasive. The Court notes that there is time incurred regularly
16   by attorneys in the preparation of briefs that is not reflected by an explicit argument in the
17   final draft of the brief. The Court likewise reviewed portions of the record and considered
18   issues in the matter herein that were not indicated explicitly in the R&R issued by the
19   Court. The Court also is aware that writing a concise brief can take more time than
20   writing a long brief, which, by the way, the Court appreciates greatly.
21       The Court notes that in all Social Security Appeals, the Court Orders that briefs
22   conform to Local Rules regarding page limits, in part for judicial efficiency, and did so in

REPORT AND RECOMMENDATION ON
PLAINTIFF'S APPLICATION FOR COSTS AND
ATTORNEY'S FEES - 8

1  the matter herein (*see* Order Setting Briefing Schedule, ECF No. 10 ("The length of the

2  briefing shall conform to Local Rule CR 7(e)(3)," *i.e.*, Local Rule W.D. Wash. Civil

3  Rules, Rule 7(e)(3))). In addition, the Court finds the following argument by plaintiff

4  very persuasive:

5
> This Court should not encourage or reward briefing that is unnecessarily
6> long and is filled with unnecessary citations or raises numerous marginal
> arguments. Concise brief writing should not be penalized. The
7> undersigned strives to file short concise briefs that usually consist of less
> pages than Defendant Commissioner's briefings.
8
9  (Reply, ECF No. 23, p. 3).

10         Regarding time, labor and the experience of the attorney, the first and ninth factors

11  referenced regarding determining the amount of reasonable attorney's fees in *Johnson,*

12  488 F.2d at 717-19,  *see supra*, n.2, and adopted by the Ninth Circuit in *Kerr*, plaintiff

13  was represented by Todd R. Renda, Esquire, ("counselor Renda"), an attorney

14  experienced in Social Security matters. Counselor Renda indicated that time expended on

15  this case included, among other things, multiple communications with plaintiff;

16  reviewing the administration's decision, the administrative record, defendant's Answer

17  and responsive brief, as well as the file; preparing the complaint; researching case law

18  and federal regulations; drafting the opening brief and reply brief; reviewing notices and

19  other case management tasks; reviewing the R&R and judgment; and, drafting the

20  petition for costs and fees (*see* plaintiff's Motion, ECF No. 20, pp. 2-3). As alluded to

21  previously, following defendant's objection to plaintiff's motion for attorney's fees,

22  plaintiff agreed to withdraw his request for 0.5 hours of time that plaintiff agreed was

23  inappropriately requested, as this time represented compensation for clerical tasks (*see id.*

24

at p. 2 (0.5 hours itemized for "Review Summons/Serve Complaint/Summons"); *see also* Reply, ECF No. 23, p. 4).

Given the facts and circumstances of the matter herein, and based on plaintiff's briefing and his petition for fees, with the itemized time expenditures included, the Court concludes that the amount of time incurred by plaintiff's attorney in this matter is reasonable. *See Hensley, supra*, 461 U.S. at 435. As plaintiff's attorney "has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.*

Regarding the novelty and difficulty of the questions involved and the skill required in order to perform the legal service properly, the second and third factors considered in *Johnson* and *Kerr*, *see also supra*, n.2, this case involved knowledge of social security disability law as well as knowledge of the administrative appeal process before the Social Security Administration. *See Johnson, supra*, 488 F.2d at 717-19; *see also Kerr, supra*, 526 F.2d at 69-70. Therefore, specialized knowledge and skill were required for the prosecution of this matter and plaintiff's counsel has the requisite experience and knowledge and is deserving of the full EAJA hourly rate.

The fourth factor considered in *Johnson,* 488 F.2d at 717-19, *see supra*, n.2, and adopted by the Ninth Circuit in *Kerr*, is the preclusion of other employment by the attorney due to acceptance of the case. *See Johnson, supra*, 488 F.2d at 717-19, *see also Kerr, supra*, 526 F.2d at 69-70. Although plaintiff's counsel could not work on other cases while working on this matter, the extent to which plaintiff's attorney was precluded from other work does not appear to be any greater in this particular matter than occurs with the acceptance of any case.

REPORT AND RECOMMENDATION ON
PLAINTIFF'S APPLICATION FOR COSTS AND
ATTORNEY'S FEES - 10

1    Regarding the customary fee and awards in similar cases, the fifth and twelfth

2   *Johnson* and *Kerr* factors, the requested fee is not outside the range of the amount of

3   attorney's fees generally awarded in cases of this type. *See Johnson, supra*, 488 F.2d at

4   717-19, *see also Kerr, supra*, 526 F.2d at 69-70. In addition, defendant has not

5   challenged the hourly rate requested by plaintiff, which complies with the EAJA, of

6   $183.73 (*see* ECF No. 20, p. 3). The rate is reasonable, given the skill and expertise of

7   counselor Renda.

8    Regarding whether the fee is fixed or contingent, and the time limitations imposed

9   by the client or the circumstances, the sixth and seventh *Johnson* and *Kerr* factors, these

10   factors here do not have much relevance to the determination of whether or not the

11   requested fee is reasonable. *See Johnson, supra*, 488 F.2d at 717-19, *see also Kerr, supra*,

12   526 F.2d at 69-70.

13

14    Regarding the eighth factor of the amount involved and the results obtained,

15   plaintiff here obtained excellent results and, hence, as noted previously, should obtain a

16   fully compensatory fee. *See Hensley, supra*, 461 U.S. at 435.

17    Regarding the tenth and eleventh factors, this case does not appear to have been

18   either desirable nor undesirable, and the nature and length of the professional relationship

19   with the client also does not appear to be relevant to the determination of whether or not

20   the requested fee is reasonable.

21

22    Having considered the relevant factors from *Johnson* and *Kerr, see supra*, n.2, and

23   having reviewed the relevant record, including the attorney declaration and the time

24   itemization submitted by plaintiff's counsel in this matter, and having considered

defendant's arguments, the Court concludes that plaintiff's requested fee award is reasonable, given the 0.5 hour deduction already discussed. Therefore, plaintiff's motion should be granted.

Plaintiff's request for attorney's fees has been voluntarily reduced by 0.5 hour, from 34.1 hours to 33.6 hours (*see* Reply, ECF No. 23, p. 4). At $183.73 hourly rate, plaintiff is entitled to $6,173.33 based on his original motion. Plaintiff also requests 0.4 hour to review defendant's response to plaintiff's motion for fees; 1.1 hours to research the case law; and 2.3 hours to draft the reply brief to defendant's response to plaintiff's motion for fees. The Court concludes that these additional 3.8 hours ($698.17) incurred defending plaintiff's petition for fees is reasonable.

<u>CONCLUSION</u>

For the reasons stated, the Court concludes that the requested fee award is reasonable. Therefore, plaintiff's motion for attorney's fees, in the amount of $6,871.50, should be granted pursuant to the EAJA and consistent with *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524, 2010 U.S. LEXIS 4763 at ***6-***7 (2010). Plaintiff's award is subject to any offset allowed pursuant to the Department of the Treasury's Offset Program. *See Ratliff*, 130 S.Ct. at 2528. Plaintiff's request for costs in the amount of $350.00 should be granted pursuant to 28 U.S.C. §1920.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C).

1   Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the

2   matter for consideration on May 17, 2013, as noted in the caption.

3         Dated this 22nd day of April, 2013.

4

5

6

7                          J. Richard Creatura
                         United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S APPLICATION FOR COSTS AND
ATTORNEY'S FEES - 13